UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEW BALANCE, INC., | Case No. 2:14-cv-01937-JCM-PAL |
| Plaintiff, | ORDER |
| v. | (Mot. To Withdraw – Dkt. #12) |
| LaCROSSE TECHNOLOGY, LLC, et al., | |
| Defendants. | |

This matter is before the court on Mark A. Solomon's, of Solomon Dwiggins & Freer, Motion to Withdraw as Counsel for Defendant LaCrosse Technologies, LLC (Dkt. #12), Declaration (Dkt. #13), and Plaintiff's Statement of Non-Opposition (Dkt. #14).  The motion represents that Mr. Solomon was retained by LaCrosse Technologies, LLC ("LaCrosse") for the limited purpose of drafting and filing an answer to Plaintiff's complaint.  The Answer (Dkt. #10) was filed January 16, 2015.  Mr. Solomon subsequently attempted to contact LaCrosse to inquire as to whether further representation was needed.  However, LaCrosse has not responded.  As such, there has been a breakdown in communications between Mr. Solomon and LaCrosse which makes it difficult for Mr. Solomon to represent LaCrosse's interests.  Mr. Solomon, therefore, seeks leave to withdraw as counsel of record.

This matter is also before the court on Defendant LaCrosse Technology, LLC's ("LaCrosse") failure to file a Certificate as to Interested Parties as required by LR 7.1-1.  The Complaint (Dkt. #1) in this matter was filed November 4, 2014.  Defendant LaCrosse filed its Answer (Dkt. #10) January 16, 2015.  LR 7.1-1(a) requires, unless otherwise ordered, that in all cases (except habeas corpus cases) counsel for private parties shall, upon entering a case, identify in the disclosure statement required by Fed. R. Civ. P. 7.1 all persons, associations of persons, firms, partnerships or corporations (including parent corporations) which have a direct,

pecuniary interest in the outcome of the case.  LR 7.1-1(b) further states that if there are no known interested parties other than those participating in the case, a statement to that effect must be filed.  Additionally, LR 7.1-1(c) requires a party to promptly file a supplemental certification upon any change in the information that this rule requires.  To date, Defendant LaCrosse has failed to comply.

Having reviewed and considered the matter, and for good cause shown,

**IT IS ORDERED** that:

1.     Mark A Solomon's, of Solomon Dwiggins & Freer, Motion to Withdraw as Counsel for Defendant LaCrosse Technologies, LLC (Dkt. #12) is **GRANTED**.

2.     Because LaCrosse Technologies, LLC is a corporation, and a corporation cannot appear except through counsel (s*ee Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993); *United States v. High Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993)) LaCrosse Technologies, LLC shall have until **February 26, 2015**,  in which to retain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice.

3.     Defendant LaCrosse Technologies, LLC shall file its certificate of interested parties, which fully complies with LR 7.1-1 **no later than 4:00 p.m., February 26, 2015.**

4.     LaCross Technologies, LLC's failure to timely comply with this order by either failing to obtain substitute counsel or failing to file a certificate of interested parties may result in the imposition of sanctions which may include a recommendation to the district judge that a default judgment be entered against it for failure to prosecute.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5.      The Clerk of the Court shall serve Defendant LaCross Technologies, LLC with a copy of this order at its last known address:

LaCrosse Technologies, LLC
2502 Anthem Village Dr., Ste. E341
Henderson, Nevada  89052
Tlier5553@gmail.com
(702) 807-0924

DATED this 9th day of February, 2015.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE