UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEW BALANCE, INC., <br><br> Plaintiff, <br> v. <br> LACROSSE TECHNOLOGY, LLC, et al., <br><br> Defendants. | Case No. 2:14-cv-01937-JCM-PAL <br><br> ORDER <br><br> (Mot Subst Plaintiff – Dkt. #31) |

Before the court is Plaintiff's Motion for Substitution of Plaintiff or, in the Alternative, Motion to Dismiss without Prejudice (Dkt. #31). The motion was referred to me by the district judge. The court has considered the motion, Defendants' Opposition (Dkt. #33) and Plaintiff's Reply (Dkt. 34).

Plaintiff seeks leave to substitute its subsidiary, Warrior Sports, Inc., in place of named Plaintiff New Balance, Inc. In the alternative, Plaintiff asks to dismiss without prejudice so the complaint can be refiled naming the correct Plaintiff. This is a breach of contract case filed November 21, 2014, arising out of the Defendants' alleged failure to pay for sporting goods and equipment. On approximately April 29, 2015, in preparing responses to discovery requests, Plaintiff New Balance, Inc. discovered that the contract at issue was actually entered into between its subsidiary, Warrior Sports, Inc. Plaintiff acknowledges that the deadline for filing a motion to amend the pleadings lapsed on April 16, 2015. However, Plaintiff argues that substitution of a Plaintiff should be liberally allowed when the change is merely a formality and does not alter the original complaint's factual allegations concerning the events or participants. If the court will not grant leave to substitute Plaintiff, Plaintiff seeks leave to dismiss without prejudice under Fed. R. Civ. P. 41(a)(2) and without imposing any additional conditions authorized by Rule 41(d).

1

1  Defendants oppose the motion indicating they were confused about why New Balance, Inc. initiated the lawsuit against them rather than Warrior Sports, Inc. as they knew they had not entered into any contractual relationships or business dealings with New Balance, Inc. On April 17, 2015, Defendants served discovery requests to Plaintiff which "were targeted in identifying the privity between New Balance, Inc. and Warrior Sports, Inc." The deadline for filing a motion to amend the pleadings expired April 16, 2015, and the court should not permit an amendment of the complaint after the deadline, unless the movant establishes excusable neglect. The motion does not even address the excusable neglect factors. Additionally, a demand letter was sent to Defendants September 16, 2014 which attached a copy of the contract and personal guarantee relied upon in this case. Both documents clearly indicate the contracting parties were Warrior Sports, Inc. and LaCrosse Technology. Defendants also argue they will be prejudiced if the court allows an untimely motion to amend because they have sent discovery to Plaintiff and prepared a defense against New Balance, not Warrior Sports. Finally, Defendants argue Rule 25 allows substitutions upon the death of a party, incompetency, transfer of interest, or separation from public office and is not applicable.

With respect to Plaintiff's alternative request that the court allow Plaintiff to dismiss the claim and deny costs under Rule 41(d), Defendants request that the court grant dismissal, "but refrain from making any findings as to the payment of costs."

Plaintiff replies that it is a large conglomerate that mistakenly assigned collection of the debt in question under its name rather than that of its subsidiary. Once the error was discovered, it was disclosed to the court and opposing counsel. Defendants cite no prejudice at all and judicial economy dictates that this case be allowed to proceed "with a simple correction of a misnomer."

Having reviewed and considered the matter, the court will reluctantly grant the motion to substitute Plaintiff. Defendants are correct that Plaintiff has not shown, or even attempted to show, excusable neglect for its failure to comply with the deadline to file a motion to amend the pleadings. The personal guarantee attached to the complaint clearly reflects that it was given in favor of Warrior Sports, as does the Application for Credit that Plaintiff relies upon as the

contract in this case. A simple review of the documents by Plaintiff's counsel should have uncovered the error. The court categorically rejects the notion that the fact New Balance is a large conglomerate is a justification for what is, at best, counsel's inattention to basic facts required to plead a case. The fact that the error was not discovered until responses to discovery were being prepared displays a continuing lack of counsel's attention. Defendants are also correct that Rule 25 simply does not apply. Rule 15 governs amendments to pleadings.

However, it is clear from the moving and responsive papers that Defendants were also aware that Warrior Sports, Inc. was the entity with whom they contracted. They assert they were confused that this action was filed on behalf of the parent, New Balance, Inc. and concerned about potentially duplicative judgments. This is a matter that could have and should have been addressed at the Rule 26(f) conference. Defendants do not claim that the case cannot be refiled because the statute of limitations has run or for any other reason.

Dismissing the case now would only result in the complaint being refiled, more expense to both sides and delay of a resolution on the merits. Defendants did not serve written discovery requests on Plaintiff to address this issue until April 16, 2015 when Plaintiff's counsel finally realized the error. At the time the motion was filed Defendants had until July 15, 2015, or more than 60 days, to complete any additional discovery needed to defend this case. The opposition does not outline how this case would have been defended differently or that any additional discovery will be needed if the substitution is allowed. To remedy any additional, unnecessary or duplicate discovery the court will consider any request for an adjustment of the discovery plan and scheduling order deadlines Defendants deem appropriate. The court will also entertain any request for monetary sanctions for additional, unnecessary or duplicate discovery directly related to the untimely request to substitute Plaintiff.

For these reasons,

**IT IS ORDERED:**

1. Plaintiff's Motion for Substitution of Plaintiff, or in the Alternative, Motion to Dismiss Without Prejudice (Dkt. #31), is **GRANTED** with respect to the request to

1  substitute Plaintiff.  Warrior Sports, Inc. is substituted in place of Plaintiff New Balance, Inc.

2. The Motion to Dismiss is **DENIED** as moot.

3. Defendants shall have until **August 11, 2015** to file any request for an adjustment of the discovery plan and scheduling order deadlines necessitated by the substitution of Warrior Sports, Inc. by stipulation or motion and/or any request for monetary sanctions as outlined in this order.

DATED this 27th day of, July 2015.

                                                            _____
                                                            PEGGY A. LEEN
                                                            UNITED STATES MAGISTRATE JUDGE